IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff,

vs.

TINY LAB PRODUCTIONS, et al.,

    Defendants.

No. 1:18-cv-00854-MV-JFR

### DEFENDANT GOOGLE'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, INTERLOCUTORY APPELLATE REVIEW AND STAY

Anthony J Weibell
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 354-4134
Fax: (650) 493-6811
aweibell@wsgr.com

Richard L. Alvidrez
MILLER STRATVERT P.A.
P.O. Box 25687
Albuquerque, NM 87125
Phone: (505) 842-1950
Fax: (505) 243-4408
ralvidrez@mstlaw.com

Attorneys for Defendants
Google LLC and AdMob Google Inc.

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. THE OPPOSITION IS BASED ON A MISREADING OF THE
COURT'S ORDER ............................................................................................................. 3

III. THE COMPLAINT DOES NOT ALLEGE THAT TINY LAB'S APPS
WERE *PRIMARILY* CHILD-DIRECTED, LET ALONE THAT GOOGLE
HAD ACTUAL KNOWLEDGE THEY WERE ................................................................. 6

IV. THE COURT SHOULD STAY THIS CASE PENDING
RECONSIDERATION OR INTERLOCUTORY REVIEW ............................................ 11

V. CONCLUSION ................................................................................................................ 12

**I.       INTRODUCTION**

As explained in Google's motion, the Court's April 29, 2020 order (ECF No. 87 ("Order")) incorrectly holds that the FTC's COPPA Rule makes no "relevant" distinction between (1) knowing that an app is directed to children as just one of its targeted audiences ("mixed audience") and (2) knowing that an app is directed to children as the primary audience ("primarily child-directed"). This error is plain from the text of the COPPA Rule, which states that while a service may be "directed to children" under all of the listed criteria, it nonetheless "*shall not be deemed directed to children*" for purposes of COPPA if it "does not target children as its primary audience" and otherwise qualifies for the mixed audience provision. 16 C.F.R. § 312.2 (emphasis added).

Plaintiff's opposition to Google's motion for reconsideration *does not even attempt to dispute this error*. The Opposition instead tries to claim the error does not matter by pretending the Complaint alleged that Google had actual knowledge that the Tiny Lab apps were *primarily* child-directed and by likewise pretending the Court's Order held that the Complaint sufficiently makes such an allegation. Neither is true. Nowhere does the Complaint allege that Google knew the apps were "primarily" directed to children, let alone allege specific facts sufficient to support such a conclusion. In fact, the Complaint fails to even recognize the critical legal distinction between "primarily child-directed" and "mixed audience" services. And nowhere does the Court's Order hold that the Complaint alleges such knowledge on Google's part. To the contrary, the Order did not conduct this analysis because the Order determined it was "not relevant."

Plaintiff misconstrues the Order and the Complaint in an attempt to avoid having to square the circle of what the Order actually held and what the COPPA Rule requires. But the error is plain: contrary to the Order's holding, the distinction between the two separate categories of child-

directed services (primarily child-directed services and mixed audience services) is not only a critical component of the COPPA Rule carefully crafted by the FTC, but the distinction is also dispositive of the claims against Google.[1]

Under the correct application of the COPPA Rule, knowing that an app is directed to or targeted to children is not enough to impose liability on ad-network operators like Google. Because of the Rule's provision for mixed-audience apps, the Rule does not impose liability on an ad-network operator absent *actual* knowledge that an app is *primarily* child-directed (or that an app is otherwise ineligible for the mixed-audience provision of the Rule). Here, the Complaint does not (and could not) allege such knowledge. As explained in Google's motion to dismiss and below, this heightened knowledge requires awareness of facts and data beyond the fact that an app is directed to children (which is all that is alleged or could be alleged in the Complaint).

Because the Order misapprehends how the COPPA Rule functions, and because a correct application of the Rule would result in dismissal of the claims against Google, the Court should reconsider the Order and dismiss Google from this action. In the alternative, Google respectfully requests that the Court certify this novel and industry-critical question for interlocutory appellate review and stay proceedings pending that review.

---

[1] On July 22, 2020, the FTC updated its COPPA guidance to more clearly delineate between general audience, mixed audience, and primarily child-directed services: "It is important to emphasize that the 'mixed audience' category is a subset of the 'directed to children' category, and a general audience site does not become 'mixed audience' just because some children use the site or service." FTC, Complying with COPPA: FAQs at D.4, https://www.ftc.gov/tips-advice/business-center/guidance/complying-coppa-frequently-asked-questions; *see also id.* at H.5 ("If after considering these factors you determine that your site or service is directed to children, then you can separately determine whether your site falls in the 'mixed audience' subcategory—i.e., whether children are not your primary audience."); *id.* at H.2 ("If children are not your primary audience, however, you may employ a neutral age screen in order to provide COPPA's protections to only those visitors who indicate they are under age 13.").

## II.  THE OPPOSITION IS BASED ON A MISREADING OF THE COURT'S ORDER

Plaintiff premises its opposition on a misreading of the Order. According to Plaintiff, the Court held that "the State plausibly alleges that Tiny Lab's apps are 'primarily directed to children.'" Opp'n at 2 (citing Order at 18); *see also id.* at 1-2, 8-10. This is wrong. Contrary to this mistaken position, after holding that Google had actual knowledge that Tiny Lab's apps were "directed to children," the Court explicitly declined to examine whether those apps were *primarily* child-directed, let alone whether Google had actual knowledge of any such fact:

> Plaintiff's allegations regarding Google's actual knowledge that Tiny Lab's apps were *directed to children* are sufficient to survive the instant motion to dismiss *without additional allegations* addressing the distinction between apps "primarily directed to children" and those "directed to a mixed audience of children, teen, and/or adults," *a distinction that is not relevant here*.

Order at 20 (emphasis added).

In other words, Plaintiff conflates the issue of whether it sufficiently pleaded that Tiny Lab's apps were directed to children as one audience (which the Court reached and answered in the positive) with the concomitant issue of whether it pleaded that the apps were also *primarily* directed to children (which the Court did not examine). In failing to acknowledge this distinction, Plaintiff holds fast to a basic misunderstanding of the COPPA Rule that permeates its Complaint. The Complaint alleges that an app can "use an age gate *if and only if* that app is for a general audience and not directed towards children." *See* Compl. ¶ 99. This is flatly contradicted by the Rule. Section 312.2 of the Rule expressly permits the use of an age gate for a "Web site or online service that is *directed to children* under the criteria set forth in paragraph (1) of this definition,

3

but that does not target children as its primary audience." 16 C.F.R. § 312.2 (emphasis added).[2] The Court, perhaps in reliance on the Complaint's misstatement of the law, overlooked this legal distinction between the broader category of apps "directed to children" and the sub-category of apps directed to children "as [a] primary audience."

The Court's overlooking the relevance of this distinction is the precise ground on which Google seeks reconsideration or interlocutory review. This distinction is critical here because it imposes liability on Google as an ad network only where it has "*actual knowledge*" that it is collecting information either (1) from a primarily-child-directed service or (2) from a mixed-audience service that fails to meet the Rule's requirements for the mixed-audience exception.[3] 16 C.F.R. § 312.2 (emphasis added).

Nowhere in its opposition does Plaintiff contend with the plain language of the COPPA Rule's mixed-audience exception. Plaintiff instead casts the exception as irrelevant to the Order, positing that the Court's holding "that Tiny Lab's apps are primarily child-directed . . . rendered any standard relating to 'mixed-audience' apps irrelevant." Opp'n at 9. Plaintiff misreads the Order

---

[2] *See also* FTC, Complying with COPPA: FAQs at D.4 (("If your site or service targets children under age 13, but children under 13 are not your primary audience (e.g., your site also targets adults or older teens), you can take advantage of this exception. You can implement an age screen; for users who indicate they are children under 13, you can ensure that you do not collect personal information from those users, or you can obtain verifiable parental consent.")).

[3] Plaintiff writes in a footnote that Google "appears to suggest that it only had 'constructive knowledge' that Tiny Lab's apps were child-directed." Opp'n at 8 n.2. Google made no such suggestion, and again, the relevant inquiry is whether Google had *actual* knowledge that Tiny Lab's apps were *primarily* child-directed. The cited portion of Google's motion references the FTC's explicit rejection of a constructive-knowledge standard for COPPA. Mot. at 3-5 (citing Children's Online Privacy Protection Rule, 78 Fed. Reg. 3972, 3977 (Jan. 17, 2013)). It is clear from the papers that Google quoted the FTC's articulation of COPPA's knowledge requirement to clarify the applicable legal standard, not to suggest that it had constructive knowledge.

in an attempt to avoid the mixed-audience exception's obvious import. This gambit can only be taken as an implicit concession that the Complaint fails to allege facts sufficient to show Google violated COPPA.

In sum, despite Plaintiff's attempts at obfuscation, the Order is clear: after correctly holding that ad-network operators cannot be held liable under COPPA unless they have actual knowledge that the apps from which they receive user data are "directed to children," Order at 18, the Order erred by holding that there was no relevant distinction between an ad network knowing that the app is directed to children as one of its audiences and knowing that an app is directed to children as its primary audience, *id.* at 20. Google respectfully submits that this latter holding requires the Court's reconsideration because the Court committed clear error by reading the legal effect of the mixed-audience provision out of the COPPA Rule. *See Am. Guarantee & Liab. Ins. Co. v. Liberty Mut. Fire Ins. Co.*, No. 13-277 MV/LFG, 2015 WL 11117309, at *3 (D.N.M. Feb. 17, 2015) (Vázquez, J.) (reconsidering order "in which [the Court] misapprehended controlling law").

Alternatively, interlocutory review is appropriate. Plaintiff opposes interlocutory review on the false premise that "the Court has already found that the Complaint sufficiently states that Tiny Lab's apps are primarily child-directed." Opp'n at 10. Relying on this fallacy, Plaintiff argues that Google seeks an "advisory opinion" on a "non-dispositive issue" that, if resolved, would not even "*affect*" this litigation. *Id.* at 10-11.

In fact, the Court's rejection of the relevance of the Rule's distinction between primarily-child-directed and mixed-audience apps was the basis on which it allowed the COPPA and intrusion-upon-seclusion claims to proceed against Google. Order at 24, 38. These are the only two claims remaining in this litigation. A contrary holding that properly recognizes the mixed-

5

audience exception would require dismissal of both claims given the absence of any allegations that Google *knew* Tiny Lab's apps were *primarily* child-directed (or knew they did not otherwise qualify for the mixed-audience provision). *See infra* Section III. It is thus a dispositive question of law, which if answered correctly, will terminate this action. *Kerr-McGee Corp. v. Farley*, 88 F. Supp. 2d 1219, 1234 (D.N.M. 2000) (Vázquez, J.) (*sua sponte* certifying order under § 1292(b) where "interlocutory reversal might save time for the district court, and time and expense for the litigants," by addressing a controlling issue earlier in an action). It is also a highly technical question of first impression on which courts might disagree. *United States v. Abousleman*, No. 83-01041 MV/JHR, 2018 WL 4346159, at *3 (D.N.M. Sept. 11, 2018) (Vázquez, J.) (certifying order under § 1292(b) given "a novel and difficult question of first impression").

**III.   THE COMPLAINT DOES NOT ALLEGE THAT TINY LAB'S APPS WERE *PRIMARILY* CHILD-DIRECTED, LET ALONE THAT GOOGLE HAD ACTUAL KNOWLEDGE THEY WERE**

The claims against Google cannot survive dismissal when analyzed under the correct framework. The COPPA Rule requires Plaintiff to plausibly allege facts showing Google had "actual knowledge" that Tiny Lab's apps are either (1) primarily child-directed or (2) otherwise failed to meet the requirements of the mixed audience provision. 16 C.F.R. § 312.2; Children's Online Privacy Protection Rule, 78 Fed. Reg. at 3978. Plaintiff does not address the second prong in its opposition, relying instead on the first prong only. Accordingly, Google need not address the second prong further here, but refers the Court to its motion to dismiss and opening brief on this motion, which explain that the second prong is not alleged. Def. Google's Mot., ECF No. 93 at 13.

As to the first prong, the Complaint fails to allege that Tiny Lab's apps are primarily child-directed, much less that Google had actual knowledge of their status as such. Plaintiff's impression

that Tiny Lab's apps appear to be directed to children does not amount to a plausible allegation that they are *primarily* directed to children. In its opposition, Plaintiff argues only that the Complaint offers "copious evidence that Tiny Lab's apps are child-directed" and points to certain allegedly child-directed features of the apps. Opp'n at 6-7. Plaintiff does not, however, argue that the allegations support a finding that Tiny Lab's apps are *primarily* child-directed. Indeed, Plaintiff is unable to quote any allegation in the Complaint that makes such a statement. Instead, Plaintiff falls back to its misreading of the Order—claiming the Court held that Plaintiff pleaded that "Tiny Lab's apps are primarily directed to children"—which the Court did not do and could not have done *in the absence of any actual pleadings to that effect*. *Id.* at 8.

Even if the Complaint had alleged facts sufficient to show that Tiny Lab's apps were primarily child-directed, the Complaint does not, and cannot, allege that Google had actual knowledge that they were primarily child-directed. Indeed, even the Complaint is forced to rely on sources beyond what was allegedly reviewed by Google to reach its conclusion that the apps were primarily child-directed. *See, e.g.*, Compl. ¶¶ 31, 100, 195-196 (citing (i) an app description posted by Tiny Lab to *amazon.com* that was not posted to Google Play, (ii) description of the apps on private websites not posted to Google Play, and (iii) a third-party media interview with Tiny Lab's CEO).[4] The Complaint simply does not allege facts showing that Google had actual knowledge of facts confirming that the Tiny Lab apps were primarily child-directed rather than directed to a mixed audience of children, teens, and/or parents and other adults.

---

[4] Plaintiff's Opposition likewise relies on Tiny Lab's website, *see* Opp'n at 7, but such images have no bearing on Google's actual knowledge of Tiny Lab's apps because Google is not alleged to have reviewed Tiny Lab's website during the relevant time.

Nor could the Complaint make such an allegation where the critical information is in Tiny Lab's possession—not Google's. Only Tiny Lab has access to complete information regarding its actual audience demographics, its intended audience, its intent in designing the app, as well as content that is not readily accessible to any third parties reviewing the app (e.g., content that can only be accessed over time by playing games within the app). *See* FTC, Complying with COPPA: FAQs at D.5 (explaining that the "evidence [needed] to demonstrate whether children under age 13 are or are not the primary audience" requires "the operator" to "carefully analyze who [the] intended audience is, the actual audience, and in many instances, the likely audience for [its] website or online service" and to analyze the "site or service once it has been in operation").

The lack of such data in Google's possession precludes any conclusion that Google had actual knowledge of "the totality of the circumstances" required to make a determination that the apps were primarily child-directed. *See* Children's Online Privacy Protection Rule, 78 Fed. Reg. at 3984 & n.162 (whether a service is "primarily" child-directed is a separate analysis from determining whether a service is simply child-directed and "must be determined by the totality of the circumstances and not through a precise audience threshold cut-off"). Simply knowing that an app has "cartoonish design and subject matter" appropriate for children and the word "kid" in the title, as alleged in the Complaint (¶ 100), is not enough.

Moreover, as the Complaint admits, Tiny Lab repeatedly and affirmatively warranted to Google that its apps were *not* primarily child-directed and that Google had been unable to conclude that the apps were so directed. *See* Compl. ¶¶ 114, 118 ("our policy teams did not come to the same conclusion that any of these 84 Tiny Lab Productions apps were violating COPPA in anyway and we do not considered [sic] these apps to be designed primarily for children, but for families in

general"). And Tiny Lab itself has always maintained that its apps were for mixed audiences because it "developed gaming apps with the purpose in mind to involve the whole family in the process of playing a game," including parents. Tiny Lab's Answer, ECF No. 38, ¶ 12.

Google was not required to investigate or otherwise review the representations made by Tiny Lab to determine whether the Tiny Lab apps were primarily child-directed notwithstanding its representations to the contrary. The FTC has been clear on this point: as a third-party ad network, Google has no "duty to investigate" Tiny Lab's apps. FTC, Complying with COPPA: FAQs at E.2; *see also* Children's Online Privacy Protection Rule, 64 Fed. Reg. 59888, 59892 (Nov. 3, 1999) ("COPPA does not require operators of general audience sites to investigate the ages of their site's visitors"). The FTC has likewise been clear that no duty to investigate arises even when a third party claims that an app operator has misrepresented the child-directed nature of an app. *See* FTC, Complying with COPPA: FAQs at E.2 ("[Q:] I operate a social media plug-in. I receive a list of websites from a parents' organization, advocacy group or someone else, which says that the websites are child-directed. Does this give me actual knowledge of the child-directed nature of these sites? [A:] It's unlikely the receipt of a list of purportedly child-directed websites alone would constitute actual knowledge. You would have no duty to investigate."); *see also id.* at E.1 (incorporating E.2 to apply to ad networks).

Even so, although it was under no obligation to do so, Google nonetheless investigated Tiny Lab's apps in response to a notice it received from privacy researchers claiming that certain apps developed by Tiny Lab were "*potentially* incorrectly listed as directed to 'mixed audiences,' and not 'primarily directed to children.'" Compl. ¶ 114 (emphasis added). Notably, not even these researchers could affirmatively conclude that the Tiny Lab apps were primarily child-directed—

they could only raise *the mere possibility* that this may be so. Such speculation cannot support a finding of Google's actual knowledge. And the parties do not dispute that Google investigated these claims over the course of several weeks and ultimately terminated Tiny Lab's Google Play account prior to the filing of this action. *See* Mot. at 13 n.4; Opp'n at 8 n.2. As explained in Google's motion, the termination was the result of Google's determination that "Tiny Lab was not in compliance with Google Play policies," not because Google determined that Tiny Lab was in violation of COPPA. Mot. at 13 n.4. And as explained above, Google cannot independently determine whether apps are mixed audience or primarily child-directed because it lacks the evidence identified by the FTC that only the app operator has about "the intended audience," "the actual audience," "the likely audience," and the app "once it has been in operation." FTC, Complying with COPPA: FAQs at D.5.

In short, the Complaint fails to plead facts showing that Google had actual knowledge that it collected and used information from apps that were directed primarily to children, and the COPPA claim against Google should therefore be dismissed. Because Plaintiff cannot state a claim under COPPA against Google, Plaintiff's intrusion-upon-seclusion claim against Google must also fail, as previously recognized by the Court. Order at 24. The two remaining claims against Google should thus be dismissed with prejudice.[5]

---

[5] Plaintiff's opposition does not request leave to amend, and the Court should not *sua sponte* grant leave because doing so would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Order at 38 (citing *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)). Amendment here is futile because Plaintiff has already pleaded all of the information provided to Google about the Tiny Lab apps. As explained above, this information was certainly less than "the totality of the circumstances" required for any determination that Tiny Lab's apps were primarily child-directed. The Court should thus dismiss the claims against Google without leave to amend. Order at 38 (dismissing claims against SDK

## IV. THE COURT SHOULD STAY THIS CASE PENDING RECONSIDERATION OR INTERLOCUTORY REVIEW

This case should be stayed pending resolution of the motion for reconsideration or interlocutory review. Contrary to the arguments in the Opposition, it would be improper to commence costly and burdensome discovery when the Complaint does not state a cause of action against Google. As the Supreme Court has stated, such a complaint "does not unlock the doors of discovery for a plaintiff." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *accord Soto ex rel. Jimenez v. Bd. of Cty. Comm'rs*, 748 F. App'x 790, 794 (10th Cir. 2018) (refusing discovery to a plaintiff who claimed she could "only provide additional facts if she is allowed to proceed past the pleading stage and conduct discovery"); *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 764 (10th Cir. 2011) ("Though [plaintiffs] insist they could establish their fraud claim with discovery, our pleading standard 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" (quoting *Iqbal*, 556 U.S. at 678-79)).

Plaintiff relies on a wholly inapposite case for its assertion that the parties should proceed to discovery because they "have made significant progress on the disputed matters." Opp'n at 13 (quoting *S2 Automation LLC v. Micron Technology, Inc.*, No. 11-0884 JB/WDS, 2012 WL 3150412, at *3 (D.N.M. July 23, 2012)). In *S2 Automation*, the court denied a motion to stay to the extent it had *already decided* "many of the motions that [movant] contended needed to be resolved before the case proceeded." 2012 WL 3150412, at *3. By contrast, Google premises its stay request on a dispositive issue that remains pending: the proper interpretation of the COPPA Rule's mixed-audience exception. Courts routinely stay proceedings under such circumstances to

---

Defendants without leave to amend because no amendment could plausibly show they had actual knowledge of the child-directed nature of the apps).

11

avoid wasted time and resources. *See, e.g.*, *Schmidt v. Navistar, Inc.*, No. 18-321 KG/JFR, 2019 WL 2233832, at *2 (D.N.M. May 23, 2019) (staying case pending interlocutory review); *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, No. 15-0547-MV-LAM, 2016 WL 8261743, at *3 (D.N.M. Mar. 22, 2016) (same).

## V.   CONCLUSION

For the foregoing reasons and those explained in Google's motion, Google respectfully requests reconsideration of the Order's erroneous holding on the COPPA Rule's mixed-audience exception. Google alternatively requests that the Court certify the issue for immediate appeal under Section 1292(b). Google also requests that the Court stay proceedings pending final resolution of the issue. And finally, Google requests that the Court hold a hearing on this motion if the Court is not otherwise convinced that the motion should be granted.

Respectfully submitted,

By: */s/ Anthony J Weibell*
Anthony J Weibell
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 354-4134
Fax: (650) 493-6811
aweibell@wsgr.com

Richard L. Alvidrez
MILLER STRATVERT P.A.
P.O. Box 25687
Albuquerque, NM 87125
Phone: (505) 842-1950
Fax: (505) 243-4408
ralvidrez@mstlaw.com

*Attorneys for Defendants*
*Google LLC and AdMob Google Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel in this action who have been served by Plaintiff to be served by electronic means, as reflected in the Notice of Electronic Filing.

By: /s/ *Anthony J Weibell*

Anthony J Weibell
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 354-4134
Fax: (650) 493-6811
aweibell@wsgr.com