IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

        Plaintiff,

        vs.                                     Civ. No. 18-854  MV/JFR

GOOGLE, LLC, ET AL.,

        Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE DATES

In an effort to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on **Friday, April 23, 2021**, beginning at **9:00 a.m.**  Due to the ongoing uncertainty created by the Covid-19 pandemic, and the likelihood that the need for social distancing will continue through the date of the scheduled settlement conference in this case, the Court will hold the upcoming settlement conference *via* Zoom. The invitation to the Zoom meeting will be docketed as a separate docket entry and will be viewable only by the parties.  Counsel are responsible for ensuring that each of their settlement conference participants have the information necessary to participate in the settlement conference by Zoom. The Court asks that all settlement conference participants log in to the Zoom conference fifteen minutes prior to the starting time in case there are any technical issues that need to be addressed prior to the conference.

The Court has set aside four (4) hours for this settlement conference.  However, the Court expects the participants to keep their schedules open the entire day of the conference should the Court deem it necessary to continue negotiations.  **Motions to reschedule the settlement**

**conference must be filed <u>no later than Monday, March 8, 2021.</u>** Motions to reschedule the

settlement conference filed after this date may be considered untimely in the Court's discretion.

All parties must appear in person for the settlement conference. All corporate or

governmental entities shall appear by a representative **with full and final authority** to discuss

and enter into a binding settlement (this requirement cannot be satisfied by hiring a local

representative if the appropriate representative resides in another state). *See* D.N.M.LR-Civ.

16.2(c). An excusal request for a required participant must be made in writing seven (7) calendar

days before the conference. *See* D.N.M.LR-Civ. 16.2(d).

No later than the date set forth at the end of this Order, Plaintiff(s)' counsel shall serve on

Defense counsel a letter that sets forth at least the following information: (a) a brief summary of

the evidence and legal principles that Plaintiff(s) assert will allow it to establish liability; (b) a

brief explanation of why damages or other relief would appropriately be granted at trial; (c) an

itemization of any claimed special damages – *i.e.*, damages for pecuniary losses, such as past

medical expenses, lost wages, or property damages – that states the exact dollar amount

Plaintiff(s) are claiming for each category; and (d) a settlement demand. At the same time,

counsel also must provide the Court a copy of this letter.

No later than the date set forth at the end of this Order, Defense counsel shall serve on

Plaintiff(s)' counsel a letter that sets forth at least the following information: (a) any points in

Plaintiff(s)' letter with which the defense agrees; (b) any points in Plaintiff(s)' letter with which

the defense disagrees, with references to supporting evidence and legal principles; and (c) a

settlement offer.[1] If a release is contemplated, Defense counsel shall include a proposed form of

---

[1] The settlement offer must be definite, meaning that it must state a single amount with no variables. For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

release with its counteroffer.  If Defendant(s) disagree with the amount of special damages

Plaintiff(s) have claimed, Defendant(s)' counteroffer must state the dollar amount Defendant(s)

believe to be correct for each category.  For example, if Plaintiff(s) claim $1,000 in past medical

expenses, and Defendant(s) believe the correct amount of past medical expenses is $500,

Defendant(s)' letter must clearly state that Plaintiff(s)' past medical expenses amount to $500.  It

is insufficient to merely say, "Defendant(s) disagree that Plaintiff(s) have $1,000 in past medical

expenses."  Defense counsel must provide the Court a copy of this letter when it serves it on

Plaintiff(s)' counsel.

     Each of these letters typically should be seven (7) pages or fewer, and counsel must

ensure that each participant reads the opposing party's letter before the settlement conference.  If

settlement authority for Defendant(s) is provided by a committee, Defendant(s) must ensure that

the committee has considered the points raised in Plaintiff(s)' letter in determining final

settlement authority.  Those attending the settlement conference and reviewing the letters

exchanged must treat as confidential the information discussed, positions taken, and offers made

by other participants in preparation for and during the conference.[2]

     If a dispute about special damages exists, counsel shall (1) meet in person or

telephonically before the settlement conference to try to resolve the dispute (an exchange of

emails or correspondence is insufficient) and (2) if the dispute cannot be resolved, counsel must

bring all documentation supporting his or her position on special damages to the conference.

     No later than the date set forth at the end of this Order, each party must provide me, in

confidence, a concise letter (typically no more than 10 pages) that shall contain a brief summary

of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case;

---

[2] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

weaknesses of the case; status of discovery; identification of any pending motions; an outline or

itemization of damages or relief requested; status of settlement negotiations to date; and the

names of the individuals who will be attending the conference and in what capacity.  A party's

confidential letter must not be a mere restatement of the letter served on opposing counsel.  All

matters communicated to me in the confidential letter will be kept confidential and, unless

authorized by the party submitting the letter, will not be disclosed to any other party, or to the

trial judge.

Furthermore, if any party has in its possession any video or audio recordings of the

incident upon which this action is based, that party must send me a copy of the recording at least

**ten (10) calendar days** before the conference.

When sending the above-described letters to the Court, the parties may do so by facsimile

(505-348-2375) or by electronic mail (robbenhaarproposedtext@nmd.uscourts.gov). It is not

necessary to send an original if the statement is sent by facsimile or electronic mail.

The Court will conduct a telephonic pre-settlement conference on **Tuesday, April 13,**

**2021, at 10:00 a.m.**  Counsel are to call Judge Robbenhaar's AT&T conference line at

**(888) 363-4735, Access Code 2387395,** five minutes prior to the hearing to connect to the

proceedings.  Prior to the pre-settlement conference, counsel are directed to analyze and identify

impediments to settlement, confer with their clients and prepare them for the mediation, and

assess any additional information or matters that need to be addressed to the Court before the

mediation.  At the pre-settlement conference, counsel should also be prepared to address:

(1) who will attend the settlement conference, and provide a brief statement as to their

roles/positions in the case; (2) whether participants will be traveling from out of town to attend

the conference; (3) in the case of institutional parties, whether settlement authority will come

from pre-settlement committee review and, if so, whether complete and timely information has

been obtained and provided to the committee so that appropriate authority will have been

granted; and (4) whether any additional documentation is needed concerning special damages

claimed.

In the days immediately preceding the settlement conference, if either party believes that

negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g.

insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties

should contact chambers to schedule a status conference to discuss the concern.

**IT IS THEREFORE ORDERED as follows:**

**Plaintiff's letter due to Defendant and the Court:**          **Monday, March 29, 2021**

**Defendant's counteroffer letter due to**
**Plaintiff and the Court:**                                    **Monday, April 5, 2021**

**Parties' confidential position statements**
**due to the Court:**                                           **Thursday, April 8, 2021**

**Telephonic Pre-settlement conference:**                       **Tuesday, April 13, 2021, at**
                                                                **10:00 a.m.**

**Settlement conference:**                                      **Friday, April 23, 2021,**
                                                                **at 9:00 a.m.**

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

5